Slaybaugh, J.
This case was submitted to the court upon an agreed statement of facts and the pleadings. The plaintiff in its petition alleges that The Bank of Ottawa Company was, on or before November 28, 1932, a state bank, organized under the laws of Ohio, with its place of business in Ottawa, Ohio; says that on the 28th day of November, 1932 and ever since said date, Ira J. Fulton, superintendent of banks of the state of Ohio, has had charge of the assets of The Bank of Ottawa Company; that plaintiff had on deposit, subject to check, in said bank, between the 19th day of November, 1932 and the 28th day of November, 1932 inclusive, the sum of $716.85 or more; that on November 19, 1932 it drew a check for $177.70 payable to the Peerless Finance Company against said fund; that on November 22, 1932 it drew a check against said fund in the sum of $405.00, payable to The Universal Credit Company; that on November 22, 1932 it drew a check on the said bank in the sum of $Í05.68, payable to The Ford Motor Car Company, and that all of said checks were contained in a cash letter sent by The Federal Reserve Bank, of Cleveland, Ohio on November 25, 1932 to the said bank on Saturday morning, November 26, 1932; that said cash letter was opened on the morning of Saturday, November 26, 1932 by an officer of said bank; alleges that all of said checks were carelessly allowed to remain unpaid all during said date, to-wit, November 26, 1932, and up until the time said bank was taken over for liquidation by said superintendent of banks, to-wit, on the morning of November 29, 1932; alleges that the general custom of the bank on November 29, 1932 and for sometime prior to said date was to charge all checks received from the clearing house to the customers’ accounts on the day on which said checks were received; further alleges that it was the gen *425 eral custom of all banks on the 26th day of-November, 1932, and for some time prior to said date to issue a check in full payment of all checks contained In any cash letter received from a clearing house, on the day said letter was received; alleges that it presented the three checks mentioned in the petition to Ira J. Fulton, superintendent of banks for- allowance as a preferred claim, and that the same was rejected by said superintendent of banks, and plaintiff prays that the sum of $688.38, the aggregate of said three checks, be declared a preferred claim on the assets of said Bank of Ottawa Company now in the hands of said superintendent of banks, and for all other relief.
The defendant for a defense says that on said November 26, 1934 the Bank of Ottawa Company received various checks in cash letters in the total amount of $10,565.30 and that on that date the total amount of cash in said bank and the available funds of said bank on deposit in reserve banks was only $6834.59, being wholly insufficient to pay said cash letters, and that the cash and reserve position did not thereafter change from its said position, as above set forth prior to the taking over of said bank for liquidation. The defendant prays that the petition be dismissed.
The case was submitted as above stated on an agreed statement of facts on or about the first day of June, 1934, in which it is admitted that on November 26, 1932 the plaintiff had deposited in said bank, subject to check the sum of $716.85, and the following facts are also agreed upon viz.;
That the balance in said account, $716.85, continued in said bank until the closing thereof on November 28, 1932. No part of said balance, $716.85, has been paid, and there are no set offs to, or counter claims against said balance.
On November 19, 1932, plaintiff drew against said account, and passed to The Peerless Finance Company at Continental, Ohio, its check in the sum of $177.70, which check was transmitted by the Federal Reserve Bank of Cleveland, Ohio, in its cash letter under date of November 25, 1932, to said The Bank of Ottawa Company of Ottawa, *426 Ohio, and received by said bank on Saturday morning, November 26, 1932.
On November 22, 1932, plaintiff drew against said account, and passed to Universal Credit Company at Columbus, Ohio, its check in the sum of $405.00, which check was transmitted by the Federal Reserve Bank of Cleveland, Ohio, in its cash letter under date of November 25, 1932, to said The Bank of Ottawa Company of Ottawa, Ohio, and received by said bank on Saturday morning, November 26, 1932.
On November 22, 1932, plaintiff drew against said account, and passed to the Ford Motor Company at Columbus, Ohio, its check in the sum of $105.68, which check was transmitted by the Federal Reserve Bank of Cleveland, Ohio, in its cash letter under date of November 25, 1932, to said The Bank of Ottawa Company of Ottawa, Ohio, and received by said bank on Saturday morning, November 26, 1932.
That on November 26, 1932, to and including November 28, 1932, said The Bank of Ottawa Company of Ottawa, Ohio has cash in its vaults in an amount greater than the total sum of said three checks, $688.38.
That on November 26, 1932, it was and prior thereto it had been the general custom of all banks in Ottawa, Ohio, and in the vicinity thereof, upon receipt of a cash letter from the Federal Reserve Bank of Cleveland, Ohio, and/or other clearing houses to charge the various items contained in such cash letter to the.various accounts of customers of the said bank, and to make remittance in full on account of such cash letter, on the same day the same were received. That The Bank of Ottawa Company of Ottawa, Ohio, transacted no business on Monday, November 28, 1932, for the reason the same was closed on account of the funeral services of George W. Kahle, president of said bank, who had died on November 25, 1932. That the superintendent of banks for the state of Ohio was notified by -the officers of The Bank of Ottawa Company, at the close of business hours on Monday, November 28, 1932; and that a liquidating agent took charge of said The Bank *427 of Ottawa Company, on Tuesday morning, November 29, 1932.
That no remittance by draft, or otherwise, was made by said The Bank of Ottawa Company of Ottawa, Ohio, on account of said cash letter received by it from the Federal Reserve Bank of Cleveland, Ohio. That neither of said three checks were charged to said account of plaintiff or otherwise paid, and upon said superintendent of banks taking charge of the affairs of said The Bank of Ottawa Company of Ottawa, Ohio, said three checks were returned to plaintiff.
That on or about February 25, 1933, plaintiff presented, in due form, proof of preferred claim in the amount of $688.38, covering said three checks, to the defendant for allowance, and on February 25, 1933, said claim was rejected and disallowed as a preferred claim.
That on November 26, 1932, at the time of receiving the cash letters by The Bank of Ottawa Company of Ottawa, Ohio, said The Bank of Ottawa Company of Ottawa, Ohio, received'by mail the following cash letters;
The Commerce Guardian Bank, Toledo, Ohio $ 662.18
The Union Trust Co., Cleveland, Ohio 483.91
The Fifth Third Union Trust Co., Cincinnati, 0. 275.29
The First National Bank, Ottawa, Ohio 2,715.46
The Federal Reserve Bank, Cleveland, Ohio 6,428.46
$10,565.30
That on said date and to the date of the taking over said bank for liquidation said bank had:
In cash $3,774.96
On deposit in The Hanover National Bank, New York City 243.51
The Union Trust Co., Cleveland, Ohio 313.79
The Commerce Guardian Bank, Toledo, Ohio 2,502.33
$6,834.59
That at that time, said bank had no other cash than above set out; nor had said bank any other deposit in reserve than above set out, excepting a deposit in The Commerce Guardian Trust and Savings Bank, Toledo, Ohio, *428 in the sum of $6164.64, which bank was at that time in liquidation and which balance, $6164.64 was not available to said The Bank of Ottawa Company.
That no remittance by draft, or otherwise, was made by said The Bank of Ottawa Company of Ottawa, Ohio, on account of any of the cash letters hereinbefore set out. That neither of said three checks drawn by said The Putnam Motor Sales were charged to said account of said The Putnam Motor Sales, or otherwise paid; and upon said superintendent of banks taking charge of the property and assets of said bank for liquidation, said three checks were returned to the plaintiff.
It was further agreed that
Total Deposit Liability Friday, Nov. 25, 1932 (Due Customers) $324,527.49
Cash on hand Friday, Nov. 25, 1932 $11,399.03
Léss: Cash Items 2,444.26
Actual cash _ 8,954.77
Reserve Banks, Friday, Nov. 25, 1932:
The Fifth-Third Un. Trust, Cin. $4,253.65 O. D,
Con. Hanover, New York 5,076.92 O. D.
$9,330.57 0. D.
Union Trust Co., Cleveland Bal. $ 797.70
Commerce Guardian 1,777.13
Total balances 2,574.83
Net overdraft in Res. Agents $ 6,755.74
Total deposits (Sat.) Nov. 26 4,403.35
Total withdrawals (Sat.) Nov. 26 11,517.71
Withdrawals in excess of deposit $7,114.36
Hence we find as a fact that the assets available for payment of all cash letters to-wit: $10,565.30 on Saturday morning, November 26, 1932 was $11,529.60.
In fact said bank accepted deposits on Saturday, November 26, 1932 to the amount of $4,403.35 and paid out over the counter of said bank the sum of $11,517.11 to others *429 and at the same time wilfully and deliberately neglected to follow the custom of all banks to charge to the account of this plaintiff the checks received by it and subject to payment on the morning of November 26, 1932. In other words, this bank discriminated against the plaintiff without right or justification.
There is no doubt that if the bank had issued draft in payment of these cash letters or either of them, such draft under the facts in this case would have been a preferred claim under the provisions of Section 713, General Code, against the assets of said bank.
The question therefore now arises, i. e., may a bank wilfully and deliberately refuse to charge a check to the account of a customer having sufficient funds to his credit to pay the same, and avoid its liability for such checks as a preference.
This is an equitable proceeding and equity “considers that done which should have been done.”
This bank does not come into this court with “clean hands” in this matter.
It might be interesting to know the personnel of those who drew out of this bank on Saturday, November 26, 1932, the amount of $11,517.71, while at the same time these cash letters were allowed to remain unpaid.
It might also be interesting to know why the bank accepted for deposit the sum of $4,403.35 of the peoples money on Saturday, November 26, 1932, when it must have known that the bank was hopelessly insolvent at that time.'
Decree for plaintiff; and the court finds that the plaintiff has a preference against the assets of said bank for its claim of $688.38 and that defendant pay the costs. Entry will be prepared accordingly. Exceptions allowed. Appeal bond fixed at $200.00.